## SUPREME COURT.

Louis Smadbeck agt. George H. Sisson and John J. Safely.

*Attachment — In what actions a warrant of, may be granted — What must be shown to procure the warrant — Code of Civil Procedure, sections 635–636 — When attachment should be set aside because of insufficiency of the affidavit upon which it was granted.*

Upon the application of the plaintiff, an attachment was issued against the defendants upon an affidavit which stated that "the defendants are justly and truly indebted unto this plaintiff in the sum of $20,000 lawful money of the United States, over and above all counter-claims known to this plaintiff, for damages, for the breach of a contract, express or implied, other than a contract to marry, founded upon the following facts, to wit: For work, labor and services done and performed, and caused to be done and performed, by the plaintiff to and for said defendants, and at the special instance and request of the

Smadbeck agt. Sisson.

defendants, in consideration that the defendants had agreed and under-taken to pay to plaintiff therefor whatever said work, labor and services were reasonably worth, and which work, labor and services consisted in the examination, location and reporting on mines and mining prop-erty located in Arizona, and in which the defendants claim to have an interest, and in obtaining for the defendants lands, vesting in them a lawful title and interest in certain mines and mining property in Ari-zona, and in work for them in his (plaintiff) profession as a mining engi-neer; that said work, labor and services were reasonably worth the sum of $20,000; that no part thereof has been paid, but that the sum of $20,000 is justly due and owing from the defendants to the plaintiff over and above all counter-claims known to him. Said work, labor and services were performed during a period from September 1, 1882, in Arizona, to the time of the commencement of this action." The affidavit then sets out the defendant Sisson resides in California and the defendant Safely in Indiana.

*Held*, that the affidavit fails to show that there has been a breach of the alleged contract between the plaintiff and the defendants, and the attachment should be vacated.

*At Chambers, December*, 1883.

*Morris Goodhart*, attorney for plaintiff.

*Stern & Myers*, attorneys for defendants, for the purpose of this motion only.

LAWRENCE, *J.* — The Code of Civil Procedure authorizes the granting of a warrant of attachment against the property of a defendant where the action is for breach of a contract, express or implied, other than a contract to marry, and the facts required by section 636 of the Code are shown to the satisfaction of the judge granting the same by affidavit (Code, secs. 635, 636). It is objected in this case that the warrant was improperly issued, because no breach of contract is shown by the affidavit on which the warrant was granted. That affi-davit states that "the defendants above named are justly and truly indebted unto this plaintiff in the sum of $20,000 lawful money of the United States, over and above all counter-claims known to this plaintiff, for damages, for the breach of a con-tract, express or implied, other than a contract to marry, founded

upon the following facts, to wit: For work, labor and services done and performed, and caused to be done and performed by the plaintiff to and for said defendants, and at the special instance and request of the defendants, in consideration that the defendants had agreed and undertaken to pay to plaintiff therefor whatever said work, labor and services were reasonably worth, and which work, labor and services consisted in the examination, location and reporting on mines and mining property, located in Arizona, and in which the defendants claim to have an interest, and in obtaining for the defendants lands, vesting in them a lawful title and interest in certain mines and mining property in Arizona, and in work for them in his (plaintiff's) profession as a mining engineer; that said work, labor and services were reasonably worth the sum of $20,000; that no part thereof has been paid, but that said sum of $20,000 is justly due and owing from the defendants to the plaintiff over and above all counter-claims known to him. *Said work, labor and services were performed during a period from September* 1, 1882, *in Arizona, to the time of the commencement of this action.*" The affidavit sets out that the defendant Sisson resides in the state of California, and the defendant Safely in Indiana. On the plaintiff's affidavit there is no fact stated showing that there has been a breach of the alleged contract between the plaintiff and the defendants. The defendants, according to the plaintiff, were to pay him for his services such sum as the same were reasonably worth, and while it is alleged by him that the same were reasonably worth the sum of $20,000, that such sum has not been paid, and that it is due to the plaintiff over and above all counter-claims, it also appears from the affidavit that the work, labor and services were performed during a period from September 1, 1882, *to the time of the commencement of this action.* This does not seem to me to show that there was a breach of their contract on the part of the defendants. No demand is alleged to have been made upon the defendants, nor any refusal to pay after such demand. No fact is stated from

which the court can see that there has been a breach of the contract. The affidavit literally read means, that the suit was commenced simultaneously with the performance of the work, etc. The only evidence of the alleged breach is the plaintiff's own assertion of it. Besides, the defendants, where no time is specified as to the performance of a contract, are entitled to a reasonable time within which to perform. If the affidavit of the plaintiff is true, there was not an instant of time between the completion of the work and the commencement of the action. It has often been held that a mere recital of facts without a statement of their existence will not be sufficient in an affidavit on which a warrant of attachment is applied for (*See Manton* agt. *Poole*, 4 *Hun*, 638; *Pomeroy* agt. *Ricketts*, 27 *Hun*, 245; *Smith* agt. *Davis*, 29 *Hun*, 306). In the last case, justice DANIELS, in delivering the opinion of the court, uses this language in speaking of the requisites of an affidavit upon which the issuing of an attachment is sought: "A plain case must be made out, and where it is not, then it necessarily follows that the attachment must be set aside. This rule imposes no hardship upon the applicant for an attachment, for he is allowed to make out his case upon his own unsupported oath, and where the facts are such as will warrant him in making the statements required for this purpose, he should be obliged carefully and intelligently to embody them in the affidavit." Tested by these principles, the affidavit of the plaintiff appears to be insufficient, and I am, therefore, of the opinion that the motion to vacate the attachment should be granted. On the affidavits read upon the motion, I think that the weight of evidence is to the effect that Safely is a resident of this state, but the result at which I have arrived on the other branch of the motion renders it unnecessary to definitely decide that question.

Motion granted, with costs.